```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


TODD CARLTON SMITH,

              Petitioner,
                                        CIVIL ACTION
     vs.                                No. 10-3231-SAC

UNITED STATES OF AMERICA,

              Defendant.
```

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner at the El Dorado Correctional Facility. He proceeds pro se and seeks leave to proceed in forma pauperis.

Petitioner is presently housed in administrative segregation in protective custody status. He claims that the facility is required to have a protective custody program but has none, and he seeks placement in a federal protection program.

Because petitioner challenges the conditions of his confinement rather than the validity of this confinement, his claim is properly construed as a civil rights complaint. "A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release

or a shortened period of confinement." *McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 811-12 (10th Cir. 1997)(internal quotation omitted). A civil rights complaint, however, challenges the conditions of the prisoner's confinement. *Id. See also Rael v. Williams,* 223 F.3d 1153, 1154 (10th Cir. 2000)(claims concerning conditions of confinement must be presented in a civil rights complaint rather than a habeas corpus petition) and *Abdulhaseeb v. Ward,* 173 F. App'x 658, 660-661 and n. 3 (10th Cir. 2006)(petitioner's challenge to confinement in a restricted housing unit pending resolution of a disciplinary charge related to conditions of his confinement and was improper under 28 U.S.C. § 2241).

Having construed this matter as a civil rights complaint, the court next must consider whether petitioner may proceed in forma pauperis. The Prison Litigation Reform Act substantially altered the manner in which indigent prisoners may proceed in the United States District Courts. Significant to the present case, § 1915 now provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g) (as amended April 26, 1996).

Court records reflect that petitioner has been identified by the United States District Court for the Southern District of Florida as subject to the provisions of § 1915(g).[1]

The court has considered the petitioner's allegations and concludes petitioner is not in danger of imminent physical harm arising from the events set forth in the complaint. While it is apparent that petitioner requires special security measures due to his circumstances, it also appears the facility is aware of his needs and is responsive to them. Finally, while petitioner seeks a designation to a federal protection program, a federal court has no authority to direct such placement. *See Boyd v. T'Kach*, 26 Fed. Appx. 792 (10th Cir. 2001)[2]("Whether a witness will be protected under the witness protection program is entirely within the Attorney General's discretion.")(citation omitted).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is construed as a civil rights complaint.

IT IS FURTHER ORDERED petitioner's motion for leave to

---

[1] A copy of the Florida order identifying the qualifying dismissals is attached.

[2] A copy of this unpublished order is attached.

proceed in forma pauperis (Doc. 2) is denied. Petitioner is granted to and including February 4, 2011, to submit the $350.00 filing fee. Failure to pay the full filing fee by that time will result in the dismissal of this action without prejudice.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 4th day of January, 2011.

                              S/ Sam A. Crow
                              SAM A. CROW
                              United States Senior District Judge